UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
Aug 18 2008
AUG 18 2008
AUG 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GUY P. SALMON
_____

MARSHALL PIPPION
_____

ON BEHALF OF ALL OTHER
SIMILARLY SITUATED,
_____
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Ca   08CV4683
(T   JUDGE PALLMEYER
   MAG. NOLAN

ROGER E.WALKER JR. IDOC
DIRECTOR
_____
GLENN M.JACKSON IDOC CHIEF
RECORD OFFICER,
_____
ILLINOIS DEPARTMENT OF  CORR.
_____

_____

_____

_____
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

## CHECK ONE ONLY:

XXX          **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
              **U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
              28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.   Plaintiff(s):**

A.   Name:   MARSHALL PIPPION

B.   List all aliases:   MARTY

C.   Prisoner identification number:   REG.NO. N11854

D.   Place of present confinement:   TAYLORVILLE CORRECTIONAL CENTER

E.   Address:   P.O.BOX 900 TAYLORVILLE,ILL. 62568

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.   Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant:   ROGER E.WALKER JR.

Title:   DIRECTOR

Place of Employment:   ILLINOIS DEPARTMENT OF CORRECTIONS

B.   Defendant:   GLENN M. JACKSON

Title:   CHIEF RECORD OFFICER

Place of Employment:   ILLINOIS DEPARTMENT OF CORRECTIONS

C.   Defendant:

Title:

Place of Employment:

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

I. PLAINTIFF(s) ;

    A.   NAME:  GUY P. SALMON

    B.   LIST ALL ALIASES:  NONE

    C.   PRISONER ID NO. :  B53632

    D.   PLACE OF CONFINEMENT: TAYLORVILLE CORRECTIONAL CENTER

    E.   ADDRESS: P.O.BOX 900 TAYLORVILLE,ILL.62568


II. DEFENDANT(s) ;

    A.   DEFENDANT : ROGER E. WALKER JR.

        TITLE : DIRECTOR

        PLACE OF EMPLOYMENT : ILLINOIS DEPARTMENT OF CORRECTIONS

    B.   DEFENDANT : GLENN M.JACKSON

        TITLE :  CHIEF RECORD OFFICER

        PLACE OF EMPLOYMENT : ILLINOIS DEPARTMENT OF CORRECTIONS

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: MARSHALL PIPPION VS. ROGER E. WALKER JR,AND DANIEL AUSTIN . # 07-MR 22

B. Approximate date of filing lawsuit: May 4th.2007

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: MARSHALL PIPPION N11854

D. List all defendants: ROGER E.WALKER JR. DIRECTOR OF IDOC DANIEL AUSTIN - WARDEN

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT JOHNSON COUNTY,ILLINOIS

F. Name of judge to whom case was assigned: HONORABLE JAMES WILLIAMSON,

G. Basic claim made: MISINTERPRETATION OF MSR APPLICATION BY ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR.CREATED UNCONSTITUTIONAL VIOLATIIONS OF 8th & 14th Amendment rights.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CASE WAS DISMISSED  AND PLAINTIFF FILED APPEAL CASE IS STILL PENDING BEFORE THE FIFTH DISTRICT APPELLATE COURT OF ILLINOIS CASE NO.5-07-0396

I. Approximate date of disposition: PENDING

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**III.**    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: GUY P. SALMON VS. ROGER E.WALKER JR.
AND GLENN M. JACKSON    CASE NO. 08-MR 293

B.    Approximate date of filing lawsuit: _____ April 23,2008 _____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____ GUY P. SALMON # B53632 _____

D.    List all defendants: ROGER E. WALKER JR. DIRECTOR OF IDOC
_____ GLENN M. JACKSON CHIEF OF RECORD IDOC _____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court,
name the county): CIRCUIT COURT OF THE 16th JUDICIAL CIRCUIT
KANE COUNTY,ILLINOIS

F.    Name of judge to whom case was assigned: HONORABLE MICHAEL P.COLWELL

G.    Basic claim made: MISINTERPRETATION OF MSR APPLICATIONS BY
ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR CREATED
UNCONSTITUTIONAL VIOLATION OF 8th & 14th Amendment rights

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed?
Is it still pending?): _____ STILL PENDING _____

I.    Approximate date of disposition: _____ SEPT. 24th,2008 _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE
ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME
FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED,
YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY,
AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-
PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

**IV.   Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

(1.)  The Plaintiffs are unconstitutionally imprisoned beyond their release date. The existing custom and practice of Defendants that specific practice or procedure created an unreasonable risk of prison overstay. Plaintiffs Civil Right suit against Defendants acting under color of State law to be against Defendants in their indivdual capacities 42 U.S.C.A. 1983   .

(2.)  Plaintiffs claim that Defendants Illinois Department of Corrections Director Roger E.Walker Jr. and IDOC Chief Record Officer Glenn M. Jackson are violating the Plaintiffs Eighth Amendment and Fourteenth Amendment Constitutional Rights by incarceration of an indivdual beyond the term of imprisonment imposed by the Illinois Circuit Courts sentencing order is quinessentially punitive to pose a Constitutional violation. Detention beyond the original Circuit Court sentencing order termination of a sentence do constitute cruel and unusual punishment if its the result of Defendants deliberate indefference to the prisoners liberty interest.Anything more that a de minimis incarceration beyond a prisonerproper

4

Revised 9/2007

sentence satisfies the Defendants requirement of cruel and unusual punishment and due process violations. This assertion seems to ignore the FINDING  BY THE Illinois Courts that an error of law has occurred by the Illinois Department of Correction Defendants misinterpretion calculations sheet of all Plaintiffs incorrect sentence ( see exhibit 2,6 )

(3.) That the properiety of the plaintiffs Circuit Courts original sentence is a matter of law. Where the constitutional rights violations by Illinois Department of Corrections Defendants is so substantial that it affected the plaintiffs due process and do create cruel and unusual punishment of the U.S.C.A.8th and 14th amendment right.

(4.) That plaintiffs complaint claim on Parole/MSR term must be served INCLUSIVE of a term of imprisonment. The claim is inconsistent with the correct requirement of due process,where parole/MSR is NOT A SENTENCE imposed by the Circuit Court original sentence order or an extension of the original trial Circuit Court sentence imposed. Where each defendants of Illinois Department of Corrections applied Parole/MSR incorrectly and violates plaintiffs State and Federal 8th and 14th Constitutional Rights (see exhibit 1,2,3,4,5,6,7,8,9,)

Revised 9/2007

(5.) That plaintiffs claim the fully negotiated guilty plea,jury

trial, Bench trial,and open plea violates plaintiff due process

rights that plaintiff will demonstrate and that each defendants

had knowledge of substantial risk. (see exhibit 1,2,3,4,5,6,7,8,9,)

(6.) That plaintiffs claim the Defendants Illinois Department of

Correction Director Roger E.Walker jr. and Illinois Department

of Correction Chief Record Officer Glenn M. Jackson are imposing

a conflict of law that fully created a violation of Plaintiffs

United State Constitutional 8th and 14th amendment right that

need protected  from defendants unjust action of incorrect

misinterpretion application for parole/MSR law provision. Where

defendants are applying parole/MSR term as a INDETERMINATED sentence

structure that was enacted by Illinois Legislature law before

Dec.28,1977 sentence structure. Plaintiffs are now recieving by

mandated law a determinated sentence structure set sentence.

Meaning that plaintiffs sentence order of the Illinois Circuit

Courts CANNOT BE INCREASED, only by the State three Courts.The

Illinois Department of Corrections Defendants are interpreting

State statute provisions incorrcetly that create serious

Constitutional Right violations of  plaintiffs 8th and 14th

amendment rights.(see exhibit 1,2,3,4,5,6,7,8,9, )

(7.) Plaintiffs claims that defendants of the Illinois Department of

Correction are MISINTERPRETING the Plaintiffs sentencing order of

the COOK COUNTY CIRCUIT COURT AND ALL OTHER SURROUNDING ILLINOIS

COUNTY CIRCUIT COURTHOUSE IMPOSED SENTENCE.

Requiring plaintiffs to serve a parole/MSR term upon after the
Circuit Courts original MAXIMUM completion of plaintiffs jury
trial,Bench trial,negotiated guilty plea,and open plea judicial
imposed sentence served. The defendants applies parole/MSR as an
afterthought after 100% of the Illinois Circuit Courts set jury
trial,negotiated gulity plea,Bench trial,and open plea sentence
has been served. The Defendants Mr. Walker jr. and Mr. Jackson DOES
NOT INCORPORATE the parole/MSR term within the plaintiffs original
sentence order imposed by the Illinois Circuit Courts, procedures
created an UNREASONABLE RISK of overstay deprived plaintiffs of
their Constitutional Rights under color of State law (see exhibit 1,2,
3,4,5,6,7,8,9,  .) ..

(8.)  Plaintiffs Civil Right suit against defendants acting under color
      of State law to be against Illinois Department of Correction
      defendants in their indivdual capacity that the cruel punishment
      inflicted by defendants with culpable State of mind be sufficiently
      serious to pose a Constitutional violation. Detention beyond the
      termination of a Circuit Court original sentence order constitute
      cruel and unusual punishment and due process violations that
      substantial risk of serious harm exists and defendants official
      chose to do NOTHING to prevent harm from occurring and violating
      plaintiffs 8th and 14th amendment rights (see exhibit 1,2,3,4,5,6
      7,8,9, )..

(9.)  Plaintiffs evidence sustained finding that Illinois Department of
      Corrections Chief Record Officer has responsibitily to review
      inmates Circuit Courts sentencing orders and authurity to direct

release of plaintiffs whose sentence had been completely served and must be held liable for violationsfor Civil Right of plaintiffs who was held beyond the correct expiration of their sentence original imposed by the Illinois Circuit Court. (see exhibit 1,2, 3,4,5,6,7,8,9, )...

(10,) Plaintiffs claim the defendants Illinois Department of Correction Director Roger E. Walker jr. authurizes constitutionally inadequate State procedure for depriving plaintiffs of a proteced interest and inmates is thereafter deprived of such liberty that defendants has subjected plaintiffs to a Due Process violation U.S.C.A. 14th . Plaintiffs has a liberty interest recognized by Federl and State law to be release accordingly of the trial Circuit Court original imposed sentence provisions of law..

(11.) Plaintiffs claims that the Illinois Department of Corrections defendants deprived the plaintiffs and caused the plaintiffs to be deprived of that 8th and 14th Constitutional Rights .

(12.) Plaintiffs claim a conflict of law to his original sentence order imposed by the Circuit Courts of negotiated plea,jury trial, Bench trial,and open plea Defendants violates plaintiffs concurrent sentence structure under Illinois Department of Corrections procedure of defendants provision applying parole/MSR term incorrectly onto plaintiffs set sentence.Constitutional law Federal and State that make plaintiffs claims valid involving statutory constitution which deprived plaintiffs of liberty,Due Process and cruel and unusual punishment constitutionally protected interest must be enforce (see exhibit 1,2,3,4,5,6,7,8,9, ..)

**V.   Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

(1).That the plaintiff on PAROLE/MSR outside of Illinois Dept. of Corr. imprisonment must be terminated to avoid UNLAWFUL incarceration.

(2) That Plaintiffs be release from Illinois Dept. of Corr. physical imprisonment onto PAROLE/MSR as of the correct sentencing calculation to Illinois law provisions of Statute 730 ILCS 5/5-8-1 (d) be applied correctly .

(3) That all plaintiffs within the Illinois Dept.of Corrections be issue a new Court order with the correct calculation of application to PAROLE/MSR term to be served within the Plaintiffs set sentence imposed by the original Circuit Court sentencing order of negotiated guilty plea, jury trial, Bench trial, and open plea.The following relief must be applied that the defendants will stop violating plaintiffs 8th and 14th Constitutional legal Rights.

VI.   The plaintiff demands that the case be tried by a jury.   ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20_____

_(signature)_

_(signature)_

(Signature of plaintiff or plaintiffs)

GUY P. SALMON   &   MARSHALL PIPPION

(Print name)

B53632                    N11854

(I.D. Number)

TAYLORVILLE.CORRECTIONAL CENTER

P.O.BOX 900    Taylorville,Ill. 62568

(Address)

6

Revised 9/2007

CC 305A – REVISED
6-21-79- 10M- (932)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ DEPARTMENT _____
(County)            (Municipal)            (Division)            (District)

People of the State of Illinois

( EXHIBIT   1 )

v.                                No. 80. 7316

Defendant

Marshall   Pippion

**RECEIVED AT DIAGNOSTIC DEPOT**

**JOLIET**        MAY 22 1981

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

N11854

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _____ Marshall Pippion _____
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

5/3/81   the Honorable James H.
Bailey   Sentenced the defendant
to   term of Six to (60) years
Sentence is to run concurrent in each
count and with #s 80. 7317, 80. 7318,
80. 7474 80. 7319

| | | Ill. Rev. Stat. | | |
|---|---|---|---|---|
| Offense _Armed Robbery_ | Ch. 38 | Sec. 18-2 | Par. ___ |
| Offense _Armed Violence_ | Ch. 38 | Sec. 33A-2 | Par. 12-1 |
| Offense _X X X X X_ | Ch. 38 | Sec. 12-2 | Par. 16-5 |
| Offense _Aggravated Kidnapping_ | Ch. 38 | Sec. 12-2 | Par. 16-3 |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

ENTER _____
                        Judge

Dated: 5/21/81                    James Bailey

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _____   Illinois Bureau Identification No. _____

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CC 305A – REVISED
8-21-78- 10M-(632)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____        DEPARTMENT _____
(County)        (Municipal)        (Division)        (District)

( EXHIBIT  1  )

People of the State of Illinois

v.

Defendant

Marshall  Pippion

No. 80. 9317

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

**N11854**

IT IS ORDERED that the defendant _____ Marshall  Pippion _____
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

On 5/7/81 the Honorable James M.
Bailey Sentenced the defendant
to a term of 50 to (60) years
Sentence as to run concurrent on
each count and with #'s 80-9316,
80-9318, 80-9319, 80-9494

| | | Ill. Rev. Stat. | |
|---|---|---|---|
| Offense _____ Theft Murder _____ | Ch. 38 | Sec. 8-11 | Par. _____ |
| Offense _____ Criminal Trespass _____ | Ch. 38A | Sec. 12-2 | Par. 4-2 |
| Offense _____ Deprived Rights _____ | Ch. 38 | Sec. 19-2 | Par. _____ |
| Offense _____ Safe Violence _____ | Ch. 38 | Sec. 32-2 | Par. 5-1 |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

ENTER: _____
Judge

James Bailey

Dated: 5/7/81

## INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _420 6 8_        Illinois Bureau Identification No. _____

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CC 305A – REVISED
6-21-79- TOM-(932)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DEPARTMENT _____ _ _ _ _ _ _ /

(County)　　　　　　　　(Municipal)　　　　(Division)　　　　　　　　(District

( EXHIBIT 1)

People of the State of Illinois

v.

Defendant

Marshall Pippion

No. _Su 9318_

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

**N11854**

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _Marshall Pippion_
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

_____

_____

_____

_____

_____

| | | Ill. Rev. Stat. | | |
|---|---|---|---|---|
| Offense _____ | X Ch. 38 | Sec. 9-1 | Par. _____ |
| Offense _____ | X Ch. 38 | Sec. 18-2 | Par. _____ |
| Offense _____ | X Ch. 38 | Sec. 10-1 | Par. _____ |
| Offense _____ | X Ch. 38 | Sec. 33A-2 | Par. _____ |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

ENTER: _____

Judge

Dated: _____

## INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _____　Illinois Bureau Identification No. _____

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CC 305A – REVISED
6-21-79-10M-(932)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ DEPARTMENT _____

(County)          (Municipal)          (Division)          (District

( EXHIBIT   1)

People of the State of Illinois

v.

Defendant

_Marshall  Pippion_

No. 80. 7319

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

N11854

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _____Marshall  Pippion_____
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

_2  5/7/61   the Honorable face to_
_Baly  Sentenced  the Defendant_
_____ to  (  )  years_
_Sentenced  to  the  run  concurrent_
_in  each  count  and  with  #s  80 7316,_
_80 7317,  80 7318,  80 7704_

| Offense | | Ch. | Sec. | Par. |
|---|---|---|---|---|
| Offense _____ | | Ch. 38 | Sec. 11— | Par. 14 |
| Offense _____ | | Ch. _____ | Sec. _____ | Par. _____ |
| Offense _____ | | Ch. _____ | Sec. _____ | Par. _____ |
| Offense _____ | | Ch. _____ | Sec. _____ | Par. _____ |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

ENTER:

_____
Judge

Dated:

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _____      Illinois Bureau Identification No. _____

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CC 305A – REVISED
9-21-78-10M-(932)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(County)     DEPARTMENT     (Municipal)     (Division)     (District

( EXHIBIT  1)

People of the State of Illinois

v.

No. _8ʋ- ૩૪૧૪_

Defendant

_Marshall   Piggion_

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

N11854

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _Marshall   Piggion_
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

_____
_____
_____
_____
_#'s 80-9316, 80-9317, 80-9318, 81-939_

| | |
|---|---|
| Offense _Armed _robber_ | Ch. _38_   Sec. _8-4_   Par. ___ |
| Offense _Armed Robbery_ | Ch. _38_   Sec. _18-2_   Par. ___ |
| Offense _Armed violation_ | Ch. _38_   Sec. _32ᴰ-2_   Par. ___ |
| Offense _Aggrivated kidnaping_ | Ch. _38_   Sec. _10-2_   Par. ___ |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

ENTER: _____
Judge

_James   Bailey_

Dated: _5/21/81_

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _____    Illinois Bureau Identification No. _____

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

1A-5-20

**RESTORATION OF GOOD CONDUCT CREDITS WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW**
~~XXXXXXXXXXXX~~ )

NAME Pippion, Marshall  NUMBER N11854  DATE 3/10/08

( EXHIBIT 2)

**(STEP 1)**

Yr.    Mo.    Day

1    (Good Conduct Credits Restored To 08
     Sentence By Director On 3/28/08

**(STEP 2)** (MITTIMUS NUMBER 80-7316,17,18,74
80-7319 00

**PROJECTED OUT DATE**

|   | Yr. | Mo. | Day |   |
|---|-----|-----|-----|---|
|   | 80 | 10 | 22 | (Custody Date) |
| + | 30 |    |    | (Sentence Less G.C.C.) |
|   | 10 | 10 | 22 | (Projected Out Date or PRB Projected Out Date) |
| + or- |   | 1 | 17 | (Previous Time – Lost/Awarded) |
|   | 10 | 9 | 5 | (Projected Out Date) |
| - |   |   |   | (Present Restoration) |
|   | 10 | 8 | 5 | (Adjusted Projected Out Date) |

Adj. Proj. Out Date  8-5-10
Calculated By  PM

Terminal Operator _____
Date Entered _____

DC 1327 (Rev. 10/96)
IL 426-00527

## MERITORIOUS GOOD TIME WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW

XXXXXXXXXXXX )

NAME **Pippion, Marshall** NUMBER **N11854** DATE **3-12-08**

**(STEP 1)** ( EXHIBIT 2 )

Yr.   Mo.   Day

    1 3  (Meritorious Good Time Awarded
          By the Director On  3-11-08  )

**(STEP 2)** (MITTIMUS NUMBER  80-7316   80-7316
                                80-7317
PROJECTED OUT DATE              80-7318
                                80-7474          1yr 10mos 10days Revsn

Yr.   Mo.   Day
8 0   10   2 2   (Custody Date)
+     30         (Sentence Less G.C.C.)
1 0   10   2 2   (Projected Out Date or
                  PRB Projected Out Date)     77 mgt, 1yr 10mo 10days lost
+or-        2-17  (Previous Time – Lost/Awarded)
1 0   8    5     (Projected Out Date)
-           13    (Meritorious Good Time)
1 0   7    2 2   (Adjusted Projected Out Date)

**(STEP 3)**

**MANDATORY OUT DATE**

Yr.   Mo.   Day

              (Custody Date)
+             (Sentence)
              (Mandatory Out Date or
               PRB Mandatory Out Date)

**(NOTATION)**

Yr. Mo. Day

              (Recustody Date)
              (Bond,Escape, Etc.)
              (Time Lost)

Adj. Proj. Out Date  7-22-10        Terminal Operator _____
Mandatory Out Date _____      Date Entered _____
Calculated By          MJ

DC 1329
IL 426-00529

# N11854 - PIPPION, MARSHALL

**Parent Institution:**     Taylorville Correctional Center
**Inmate Status:**          IN CUSTODY
**Location:**               TAYLORVILLE
**Discharge Reason:**

**Date of Birth:**          02-07-1956
**Weight:**                 170 lbs.
**Hair:**                   Black
**Sex:**                    Male
**Height:**                 5 ft. 07 in.
**Race:**                   Black
**Eyes:**                   Brown

TATTOO, FOREARM, LEFT - MARTY

**Custody Date:**               05/22/1981
**Projected Parole Date:**      09/05/2010
**Paroled Date:**               --
**Tentative Discharge Date:**
**Discharge From Parole:**      09/05/2013

| MITTIMUS: | 807319 |
|---|---|
| CLASS: | M |
| COUNT: | 1 |
| OFFENSE: | MURDER/INTENT TO KILL/INJURE |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 807316 |

State of Illinois | DEPARTMENT OF CORRECTIONS | Inmate Search Results

| MITTIMUS: | 807474 |
|---|---|
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | ARM VIOL/CATEGORY II WEAP/2ND+ |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |

| MITTIMUS: | 807474 |
|---|---|
| CLASS: | X |
| COUNT: | 1 |
| OFFENSE: | ARMED ROBBERY |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |

| MITTIMUS: | 807474 |
|---|---|
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | AGGR KIDNAPPING-NO RANSOM |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |

| MITTIMUS: | 80C7317 |
|---|---|
| CLASS: | X |
| COUNT: | 1 |
| OFFENSE: | ATTEMPT MURDER/INTENT TO KILL/INJURE |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |

State of Illinois | DEPARTMENT OF CORRECTIONS | Inmate Search Results

| | |
|---|---|
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 80C7318 |
| CLASS: | X |
| COUNT: | 1 |
| OFFENSE: | ARMED ROBBERY |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 80C7318 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | ARM VIOL/CATEGORY II WEAP/1ST |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 80C7318 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | AGGR KIDNAPPING-NO RANSOM |
| CUSTODY DATE: | 10/22/1980 |
| SENTENCE: | 60 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |

**All complaints regarding the accuracy of information contained in these documents should be submitted, in writing, to the Illinois Department of Corrections, P.O. Box 19277, Springfield, IL 62794-9722.**

**conduct another search**
return to the IDOC homepage

( EXHIBIT  4  )

1    STATE OF ILLINOIS )
                       )  SS:
2    COUNTY OF C O O K )

3         IN THE CIRCUIT COURT OF COOK COUNTY
          COUNTY DEPARTMENT-CRIMINAL DIVISION

4    THE PEOPLE OF THE        )
5    STATE OF ILLINOIS        )
                              )   NOS.   80-7316,
6              VS.            )          7317,
                              )          7318,
7                            )          7319,
     Marshall Pippion        )          7474.
8

9         REPORT OF PROCEEDINGS had at the

10   hearing of the above-entitled cause, before

11   the Honorable JAMES M. BAILEY, Judge of said

12   court on the 29th day of April, A. D. 1981.

13

     APPEARANCES:

14

     Honorable  RICHARD J. DALEY,
15        State's Attorney of Cook County, by
     MR. RICHARD KAPLAN,
16        Assistant State's Attorney,
          for the People of the State of
17        Illinois;

18    MR. TOM REYNOLDS,
          for the Defendant.

19

20

21

22   Yvonne J. Pulliam, CSR
     Official Court Reporter
23   2600 S. California Avenue
     Chicago, Illinois 60612
24   CSR # 84-00085.

1

1      THE CLERK: Marshall Pippion.

2      MR. REYNOLDS: Your Honor, this

3  case was set for disposition today. We are

4  desirous of entering a plea of guilty to the

5  four indicetments pending against our client

6  and we are ready to proceed now.

7      THE COURT: Is this correct, Mr.

8  Pappion?

9      THE DEFENDANT: Yes.

10      THE COURT: You understand by

11  pleading guilty at this time you are waiving

12  your right to either a trial by this court

13  or a trial by this court and a jury.

14  Understand that?

15      THE DEFENDANT: Yes, sir.

16      THE COURT: Your attorney here will

17  not be able to confront the State's

18  witnesses today by way of cross examination.

19  You will also not be able to bring any

20  witnesses to testify concerning the facts

21  and circumstances of the case. You

22  understand that?

23      THE DEFENDANT: Yes.

24      THE COURT: We have had a

1    pre-sentence report?

2              MR. REYNOLDS:  We have, you Honor.

3    Ask that it be made part of the record.

4              THE COURT:  You understand due to

5    the charges contained in these cases ~~I could~~

6    ~~sentence you to what they call the~~ death

7    ~~penalty~~ or I could give you up to 80 years

8    in the Illinois State Penitentiary because

9    of the nature and circumstances surrounding

10   the cases.

11             There is also a three year

12   period of what we call mandatory supervised

13   ~~release thereafter and the minimum I could~~

14   ~~give you would be 20 years~~.  You understand

15   that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  That is on the murder.

18   On the Class X, which is the armed robbery,

19   I could sentence you to the Illinois State

20   Penitentiary from 6 years and because of the

21   nature of the case and because of the

22   extenuating circumstances, I could sentence

23   you to the Illinois State Penitentiary on

24   the ~~extended~~ term up to 60 years with a

1    three year period of what they call

2    mandatory supervised release.   That is what

3    I could give you.

4              THE DEFENDANT:   Yes.

5              THE COURT:   You understand at this

6    point nobody has threatneed you or promised

7    you anything to get you to plead guilty with

8    the exception of the preliminary discussion

9    we had on the pre-trial conference in which

10   I stated that if you plead guilty I was

11   going to sentence you to 60 years in the

12   Illinois State Penitentiary.   Is that

13   correct?

14             THE DEFENDANT:   Yes.

15             THE COURT: With a three year period

16   of what they call mandatory supervised

17   release thereafter.   You understand that?

18             THE DEFENDANT:   Yes.

19             THE COURT:   Nobody has promised you

20   anything or threatened you in any manner?

21             THE DEFENDANT:   No.

22             THE COURT:   You understand as I

23   told your attorney we have to go ahead and

24   have a hearing, the State is entitled to a

4

1    STATE OF ILLINOIS )
                       )   SS:
2    COUNTY OF C O O K )

3

4        I, YVONNE J. PULLIAM, CSR, Official

5    Court Reporter for the Circuit Court of Cook

6    County, Illinois, Judicial Circuit of

7    Illinois, County Department, Criminal

8    Division, do hereby certify that I reported

9    in shorthand the proceedings had on the

10   hearing in the above-entitled cause; that I

11   thereafter caused the foregoing to be

12   transcribed, which I hereby certify to be a

13   true and accurate transcript of the

14   proceedings had before the Honorable JAMES

15   M. BAILEY, Judge of said court.

16

17

18                        Official Court Reporter
19                        CSR # 84-000865

20

21

22

23   Dated this 8th day

24   of July, 2002.

14

(EXHIBIT  4 )

STATE OF ILINOIS        )
                        ) ss:
2  COUNTY OF C O O K     )

3               IN THE CIRCUIT COURT OF COOK COUNTY
                COUNTY DEPARTMENT-CRIMINAL DIVISION
4

5  THE PEOPLE OF THE          )
   STATE OF ILLINOIS,         )
6                             )   Criminal
              Plaintiff,      )   No. 80-C-7474
7                             )
          vs.                 )
8                             )   Charge:  ATTEMPT MURDER
                              )
9  MARSHALL PIPPION,          )
                              )
10            Defendant.      )

11                    REPORT OF PROCEEDINGS
12

13          BE IT REMEMBERED that on the 7th day of May, 1981,

14  this cause came on for hearing before the HONORABLE JAMES M.

15  BAILEY, Judge of said Court, upon the indictment herein, the

16  defendant having entered a plea of not guilty.

17
        APPEARANCES:
18
                HONORABLE RICHARD J. DALEY,
19                  State's Attorney of Cook County, by:
                MR. RICHARD KAPLAN,
20              Assistant State's Attorney,
                    For the People of the State of Illinois;
21

22              MS. RITA L. FRYE,
                    Public Defender of Cook County, by:
23              MR. ROBERT LEE and MR. THOMAS REYNOLDS,
                    Assistant Public Defender,
24                  For the Defendant Marshall Pippion.

25

1  Pippion from ever doing this again, and to send out a

2  message to the people and to the other criminals in this

3  community that we will not stand for it.

4        Thank you.

5        MR. LEE:  Judge, if I may, just briefly.  The Court

6  has already heard concerning Mr. Pippion's background, and

7  the facts and circumstances in this case, both by way of our

8  pretrial motions, and by way of stipulations.  I rely

9  heavily upon what the Court has already heard in those

10  discussions of Mr. Pippion's background, the 2 prior

11  convictions resulting in, one, a misdemeanor probation, and

12  a felony probation for drugs is, in fact, void of any

13  violence, as far as acts against the community as

14  individuals, or in total.

15        I suggest to your Honor that his tender agency;

16  more importantly, his pleas before this Court wherein he

17  surrendered not just his innocence, wherein he surrendered

18  his freedom of voice for a substantial period of time,

19  because he was aware of discussions we had; the terms of our

20  pretrial decisions with the Court.

21        I suggest to your Honor that that sentence imposed

22  by the Court in the pretrial discussions is adequate to

23  provide protection for the State.  It is the adequate for

24  the needs of society.  I suggest, your Honor, that that

1   extensive period of time can do nothing, but protect society

2   in this case.  That the alternative of taking yet another

3   life is not a viable alternative, due to the facts and

4   circumstances that you have before you.

5        I, certainly, do not challenge the needless

6   violence that occurred on that weekend in October.  I

7   suppose what I do do is ask this Court to end that violence

8   today.  I ask the Court to end that terror of that October

9   weekend; not to take another life.  I ask that you abide by

10  the terms of our discussions prior to today.

11       THE COURT:  All right.  Does the defendant wish to

12  say anything in his own behalf?  He has a right to say

13  anything he wishes at this time.  He does not have to say

14  anything.  Do you wish to say anything?

15       THE DEFENDANT:  No.

16       THE COURT:  I agree with the rhetoric, really, of

17  the State's Attorney's Office.  Basically, the death

18  sentence in this case should be imposed.  However, I believe

19  the Legislator has, basically, given forth the mandate to go

20  forward and do it.  However, you have a problem in the State

21  of Illinois that is, basically, by the power of the Supreme

22  Court.  The Supreme Court of the State of Illinois has gone

23  to extremely, great lengths to avoid giving the death

24  penalty that has come before them, since an act has been

9

1  passed without -- passed without -- the act of the

2  Constitution to impose death penalty in this case will be

3  merely a jolt on death row, which I think would be

4  unrealistic, because based upon the -- in this period of

5  time; therefore, the defendant would probably never go to

6  the electric chair.  He would be back here being sentenced

7  some time later, so to impose the death penalty would be

8  ridiculous, because of his background, which is kind of --

9  because of most defendants before us.

10        One would say he caused great harm, and did a great

11  deal of crime in our community.  His acts were very, very,

12  very, very gruesome in nature, and indicative of wanton

13  cruelty.

14        Based upon that and further discussions I had with

15  the defense here, and I have agreed to a plea of guilty, the

16  defendant shall be sentenced to the Illinois State

17  Penitentiary for a period of 60 years.  That, basically,

18  would make this individual an old individual by the time he

19  got out of the penitentiary.  I think that he will not be

20  young enough to roam in the streets and so forth.  But still

21  at an agency whereby, hopefully, he might become a useful

22  citizen; but I am not looking forward to him being a useful

23  citizen.  By the time he gets out he will be 60 something

24  years old, even at the earliest.  He could stay in longer.

1  He could even die in the period of time.  So based upon

2  that, that will be the order.

3        MR. KAPLAN:  Judge, is that is on the all cases

4  that he pled guilty to, 60 years on everything?

5        THE COURT:  I have also found extenuating

6  circumstances for the imposition of the extended term on the

7  armed robbery charges, and a Class X felony, which are

8  contained in the other charges; therefore, 60 years would be

9  on each one of them, which will run, of course, concurrent.

10        MR. KAPLAN:  Thank you, Judge.

11        THE COURT:  Mittimus to issue.  Further, tell him,

12  you have 30 days from today, if he wishes to file a notice

13  of appeal; motion to attack his plea of guilty, as far as

14  this case is concerned.  If you failed to do so, you will be

15  forever barred from attempting to withdraw your plea of

16  guilty.  In other words, beyond 30 days you may not be able

17  to file a notice of appeal.

18        If you are not able to pay for a copy of the

19  written transcript, a written transcript, as well as an

20  attorney will be provided to you free of charge.  Do you

21  understand that, sir?

22        THE DEFENDANT:  Uh-huh.

23        THE COURT:  What else do we have?  For the sake of

24  the record, we are going to stay the mittimus until 5-21.

1  STATE OF ILLINOIS     )
                          ) ss:
2  COUNTY OF C O O K      )

3

4          I, CHRISTINE E. ROCKWELL, Official Court Reporter

5  of the Circuit Court of Cook County, County

6  Department-Criminal Division, do hereby certify that I

7  reported in shorthand the proceedings had in the

8  above-entitled cause; that I thereafter caused to be

9  transcribed into typewriting the above transcript, which I

10 hereby certify is a true and correct transcript of the

11 proceedings had before the HONORABLE JAMES M. BAILEY, Judge

12 of said Court.

13

14

15

16

17

18

19

20             Christine E. Rockwell, CSR
               Official Court Reporter
21             Criminal Courts Building

22

23

24

( EXHIBIT  5 )



## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### KANE COUNTY, ILLINOIS

GEN. NO. _____

THE PEOPLE OF ILLINOIS                    VS.

PLAINTIFF                                                      DEFENDANT

| JUDGE | COURT REPORTER | PLTF. ATTY. |  |
|---|---|---|---|
|  | A copy of this order ☐ should be sent to: ☐ has been sent to: | CHECK IF PRESENT |  |
| DEPUTY CLERK |  | DEFT. ATTY. |  |

### JUDGMENT ORDER
Illinois Department of Corrections

**BSB632**

Crime For Which Defendant Convicted:

Chapter and Section:

Credit for Time Served:
☒ Kane County Jail:

_____ Day(s) _____ Month(s) ☐ NONE
☐ To be determined by Sheriff

☐ Other Credit:_____
(Type/Place/Agency)

_____ Day(s) _____ Month(s) ☐ NONE

Costs of These Proceedings:

| Fine | $ _____ |
| Circuit Clerk's Costs | _____ |
| State's Attorney's Costs | _____ |
| Sheriff's Costs | _____ |
| Surcharge | _____ |
| | Sub-total _____ (A) |
| Bond on Deposit | $ _____ |
| Less 10% (if applicable) | (_____) |
| | Credit Amount (_____) (B) |

BALANCE DUE (A–B)        $ _____

Balance Due:
☐ Instanter  ☐ _____, 19___

Sentence of the Court:

_X_ Days(s)  _X_ Month(s) _____ Year(s)
(if applicable):
☐ Concurrent  ☐ Consecutive with Case Number(s):

☐ Finding of guilty but mentally Ill

Municipality of Arrest (if over 25,000 pop.):

THE COURT being advised in the premises;

IT IS HEREBY ORDERED that the defendant named herein is guilty of the crime set forth in this case; and,

IT IS FURTHER ORDERED that the defendant be given credit for such time served as determined by the Court; and, that the defendant pay all costs of these proceedings.

NOW, THEREFORE, is is Ordered, Adjudged and Decreed that the defendant be sentenced to the Illinois Department of Corrections for the crime he/she stands convicted, for a term of days, months or years as set forth herein; and,

FURTHER, that the defendant be taken from the bar of this Court to the Kane County Jail, and from there, by the Sheriff of Kane County, to the nearest reception and classification center of the Illinois Department of Corrections, and the Illinois Department of Corrections is hereby required and commanded to take the body of the defendant and confine him/her in a Penitentiary or State Penal Farm, according to law, from and after delivery thereof until discharged according to law, provided such term of imprisonment shall be not less than nor more than the term of days, months or years for which the defendant stands convicted.

Date ___2/20/01___

Enter: _____
(Judge)

( EXHIBIT  6  )        01.07.421A-J

## SENTENCE CALCULATION WORK SHEET

SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME _Guy Salmon_     NUMBER _BS3632_     DATE _9-21-01_

**(STEP 1) (A)**                              **(STEP 2)**

Yr.  Mo.  Day                                Yr.  Mo.  Day        _12yrs._

- _____ (Rel. on Bond, Etc.)    _____ (Jail Credits - A)
- _____ (Arrest Date)           + _____ (Jail Credits - B)
  _____ (Jail Credits)          + _____ (Jail Credits - C)
+ _____ 1 (Add 1 Day)                 + _____ (Jail Credits - D)
  _____ (Jail Credits)          _____ (Total Jail Credits)

**(STEP 1) (B)**                              **(STEP 3)**

Yr.  Mo.  Day                                Yr.  Mo.  Day

- _____ (Rel. on Bond, Etc.)    99  08  26 (Old Custody/
- _____ (Arrest Date)                        Sentence Date)
  _____ (Jail Credits)          - _____ (Total Jail Credits)
+ _____ 1 (Add 1 Day)                  99  08  26 (New Custody Date)
  _____ (Jail Credits)

**(STEP 1) (C)**                              **(STEP 4)** (MITTIMUS NO. _99CF2172_ )

Yr.  Mo.  Day                                PROJECTED OUT DATE

- _____ (Rel. on Bond, Etc.)    Yr.  Mo.  Day
- _____ (Arrest Date            99  08  26 (New Custody Date)
  _____ (Jail Credits)          +
+ _____ 1 (Add 1 Day)                   10   2  12 (Sentence Less
  _____ (Jail Credits)                        Good Conduct Credits)
                                          09  11   8 (Projected Out Date)
                                         +or- ___ (Previous Time
                                                    Lost/Awarded)
**(STEP 1) (D)**                          09  11  05 (Adj. Proj. Out Date)

Yr.  Mo.  Day                                **(STEP 5)**

- _____ (Rel. on Bond, Etc.)    MANDATORY OUT DATE
- _____ (Arrest Date)
  _____ (Jail Credits)          Yr.  Mo.  Day
+ _____ 1 (Add 1 Day)                  99  08  26 (New Custody Date)
  _____ (Jail Credits)          + 12 (Sentence)
                                          11  08  26 (Mandatory Out Date)

---

Adj. Proj. Out Date _11/8/09_           Terminal Operator _____
Mandatory Out Date _8/26/11_            Date Entered _____
Calculated By _____

DC 1321                    _85%_
IL 426-0521

NOTIFICATION OF UNAUTHORIZED ITEM

TO: _Salmon B53632_          DATE: _8-1-08_

Inmate Name & Number

HOUSING UNIT: _7A-5 19_

MAIL RECEIVED TODAY FROM: _____ _J Salmon_ _____

( EXHIBIT 7 )          _So Frederic Raplan St_

_W Frankfort, #L 62896_

The unauthorized item(s) indicated below will be returned to sender at your expense.
Return a signed money voucher and an addressed envelope or a prepaid addressed envelope.

## RETURN THIS FORM WITHIN FIVE (5) DAYS

(   ) Cash, personal check, or business check.  Money Orders or Cashier Checks over $50.

(   ) Money order(s) not properly filled out or altered.

    (   ) Payee is not filled in.
    (   ) Remitter's name is missing.
    (   ) Other _____

(   ) Photo of weapon or money, nude photo or see through.

(   ) Unused stationery, cards and/or envelopes, postage stamps, adhesive articles, pens
and/or pencils, food items or any item which can be purchased through Commissary
or Personal Property.

(   ) Musical card, homemade card (if heavily glued, pasted, or painted); mail containing
piece(s) of cloth, leather, ribbon, yarn, feather, flower, seeds, beads, hair or
any foreign substance.

(   ) Map, catalog, plastic or plastic-covered card, jewelry, recording device, or spiral
items.

(   ) Solicitation of money, unapproved business venture, lottery ticket and/or form,
chain letter, petition, or contract.

(   ) Mail from another inmate in a jail or correctional center that has not been
approved by both Wardens; mail from a former resident or a paroled inmate.  Contact
your counselor if you have any questions concerning this matter.

(   ) Correspondence to or from a third party.

(   ) Suspected gang-related material or photo(s).

    (X) _1Doc Computer I'm info private_

## ALL OF THE ABOVE ITEMS ARE NOT PERMITTED

MAIL ROOM STAFF

_R_

T APPROVAL _G Snider_

CA # APPLIED FOR

(EXHIBIT 8 )

50% SENTENCE STRUCTURE
60 years = 100% + MSR

30 years     30 years
730 ILCS     PHYSICAL
5/3-6-3      IMPRISONMENT
50%          50%

3 years
MSR = 33yrs.

PLAINTIFFS THREE SENTENCE ILLUSTRATED AS CALCULATED BY ILLINOIS
DEPARTMENT OF CORRECTIONS.

85% SENTENCE STRUCTURE
12 years = 100% +MSR

10.2 years   10.2 yrs.
730 ILCS     PHYSICAL
5/3-6-3      IMPRISONMENT
85%          85%

3 years
MSR = 13.2yrs.

100% SENTENCE STRUCTURE
10 years = 100% + MSR

10 years     10 years
730 ILCS     PHYSICAL
5/3-6-3      IMPRISONMENT
100%         100%

3 years
MSR =13 yrs.

(EXHIBIT 9)

PLAINTIFFS THREE SENTENCE ILLUSTRATED ACCORDING TO THE LAW :



60 years = 100%

730 ILCS
5/3-6-3
50% = 30 years

PHYSICAL
IMPRISONMENT
27 years

3 yrs.
MSR

12 years = 100%

730 ILCS
5/3-6-3
85% = 10.2 yrs.

PHYSICAL
IMPRISONMENT
7.2 yrs.

3 yrs.
MSR

730 ILCS
5/3-6-3
100% =10 years

PHYSICAL
IMPRISONMENT
7 years

3 yrs.
MSR

10 years =100%

EXHIBITS                     TABLE OF INDEX

1.) ORDER OF SENTENCE AND COMMITMENT TO ILLINOIS DEPARTMENT OF
    CORRECTIONS _____ CASE NO.80-7316,80-7317,
                                        80-7318,80-7319,80-7474,


2.) ILLINOIS DEPARTMENT OF CORRECTION CALCULATION SHEET FOR
    PLAINTIFF MARSHALL PIPPION REG.NO.N11854 CASE NO.80-7316,80-7317,
                                        80-7318,80-7319,80-7474,


3.) ILLINOIS DEPARTMENT OF CORRECTION INTERNET INMATES STATUS
    AS OF OCTOBER 18th,2007 FOR PLAINTIFF MARSHALL PIPPION CASE NO.
    80-7316,80-7317,80-7318,80-7319,80-7474,.


4.) TRANSCRIPTS REPORT OF PROCEEDING FOR APRIL 29th,1981 AND
    MAY 7th,1981 PLAINTIFF NEGOTIATED GUILTY  PLEA AGREEMENT BY
 THE CIRCUIT COURT OF COOK COUNTY CRIMINAL DIV. CASE NO.80-7316
    80-7317,80-7318,80-7319,80-7474,.


5.) ORDER OF SENTENCE AND COMMITMENT TO ILLINOIS DEPARTMENT OF
    CORRECTIONS                 CASE NO. 99CF2172 _____


6.) ILLINOIS DEPARTMENT OF CORRECTION CALCULATION SHEET FOR
    PLAINTIFF GUY P. SALMON     CASE NO. 99CF2172 _____


7.) ILLINOIS DEPARTMENT OF CORRECTION REFUSED PLAINTIFF GUY P.
    SALMON ILLINOIS DEPARTMENT OF CORRECTION INTERNET INMATE
    STATUS INFORMATION SHEET FOR CASE NO.99CF2172 _____


8.) PLAINTIFFS THREE SENTENCE STRUCYURE AT 50%,85%,and 100%,
    ILLUSTRATED CALCULATED BY ILLINOIS DEPARTMENT OF CORRECTIONS.


9.) PLAINTIFFS THREE SENTENCE STRUCTURE ILLUSTRATED ACCORDING
    TO THE ILLINOIS LAWS.